UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL O. CANDELARIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:07 CV 11 |
| | ) | |
| ED BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Michael O. Candelaria, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 180 day loss of good time in case MCF 06-06-0443 on July 10, 2006 by the Conduct Adjustment Board ("CAB"). Mr. Candelaria was charged with and found guilty of possession or use of any hazardous chemical in violation of Class A offense # 106. The respondent filed a response on April 23, 2007. Mr. Candelaria has not filed a traverse and the time for doing so has passed.

Mr. Candelaria attempts to raise three grounds in this challenge. In his first challenge, he asserts that he received two conduct reports for the same offense in violation of the Adult Disciplinary Procedure Act. This court cannot grant habeas corpus relief based on the violation of a prison rule. Therefore in this proceeding, it is not relevant whether these rules were violated. *See Estelle v. McGuire*, 502 U.S. 62 (1991). Furthermore, if Mr. Candelaria is attempting to argue the he was subjected to double jeopardy, this argument is without merit. Although the two conduct reports were the result of one cell search, one conduct report charged Mr. Candelaria with possession of

tattoo paraphernalia. (docket # 5-2). The conduct report which led to the sanction being challenged in this case, charged Mr. Candelaria with possession or use of any hazardous chemical. (docket # 5-11). Mr. Candelaria received two conduct reports for two separate violations involving different materials and substances. There is no constitutional issue involved in this conduct.

Mr. Candelaria's second argument is that there was insufficient evidence to find him guilty of possession of a hazardous chemical. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes

any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Here, the CAB relied upon the conduct report, the witness statement, and the photos to find Mr. Candelaria guilty. (docket # 5-17). The conduct report stated that the officer found a white plastic bottle with an unidentified beige colored paste with a strong ammonia smell. (docket # 5-11). The officer suspected that it was a hazardous material. (docket # 5-11). Furthermore, Mr. Candelaria alleged that it was something to mix with paints. However, Mr. Candelaria's witness stated that "I'm not aware of any item. [I]f he has no authorization for arts & crafts supplies then it isn't authorized." (docket # 5-15).  The conduct report and the witness statement are some evidence to support the Board's finding that Mr. Candelaria was guilty of possession or use of any hazardous chemical.

Finally, Mr. Candelaria asserts that the CAB did not conduct chemical testing on the substance to determine whether it was hazardous. During screening, Mr. Candelaria requested a chemical report-MSDS. (docket # 5-14).  The CAB denied his request for a MSDS because they did "not know substance to obtain MSDS sheet-not in original container." (docket # 5-17). Though *Wolff v. McDonnell*, 418 U.S. 539 (1974) permits inmates the right to present evidence, testing is not presenting evidence – it is creating

3

it. That is to say, no chemical testing results existed to present. What Mr. Candelaria requested was that test results be created so that he could introduce them. An inmate is not constitutionally entitled to such testing as a part of a disciplinary hearing. *Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("He intimates that he should be allowed to take a polygraph examination which addresses the question of whether he participated in planning or furthering an escape. We hold that Freitas was not entitled to a polygraph examination on this issue.") As a result, there was not a due process error.

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**.

**SO ORDERED.**

**ENTER:** June 19, 2007

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT